*609 MEMORANDUM ***
Clinton Irving appeals the decision of the Bankruptcy Appellate Panel (“BAP”) that affirmed the dismissal of his adversary complaint seeking to prevent the sale of a parcel of real estate belonging to Debtor. Irving’s attorney, David Kyle, appeals the BAP’s decision affirming the award of sanctions against him for violating Bankr.R. Proc. 9011. We affirm.
A. Dismissal order
Before the sale took place, the bankruptcy court ruled that the property in dispute was part of Debtor’s bankruptcy estate and that Carolyn Dye, the Chapter 7 Trustee, satisfied all the requirements in 11 U.S.C. § 363. Irving challenged that ruling on appeal, but failed to obtain a stay pending appeal. That was fatal to his efforts to cancel the original quitclaim deed to Debtor — once the property was sold to a good faith purchaser, Irving’s appeal became moot. See In re Nat’l Mass Media Telecomm. Sys., Inc., 152 F.3d 1178, 1181 (9th Cir.1998) (failure to obtain stay from order permitting sale of debtor’s assets moots an appellant’s case pursuant to the “bankruptcy mootness rule”). The ruling in the sale order that the property was part of the bankruptcy estate became the law of the case. And since Irving’s adversary complaint merely contests Debtor’s ownership interest in the property, it is moot as well. Moreover, at the hearing on Dye’s motion for an order authorizing the sale, Irving had a full and fair opportunity to make out his case— including arguments that Dye improperly secured the transfer of title from the Cinderella Living Trust back to Debtor[1] and that an order approving the sale would conflict with prior state court adjudications concerning the property. Accordingly, Irving’s due process arguments are without merit.
B. Sanctions
The bankruptcy court did not abuse its discretion in sanctioning Kyle. See In re DeVille, 361 F.3d 539, 547 (9th Cir.2004) (award of sanctions reviewed for abuse of discretion). The record supports the conclusion that Kyle, who is also the Debtor’s husband, filed an adversary complaint on behalf of Irving to improperly delay Dye’s sale of the property. See In re Silberkraus, 336 F.3d 864, 870 (9th Cir.2003) (in determining whether sanctions are appropriate under Rule 9011(c), bankruptcy court considers both the frivolousness and improper purpose of the pleading). Initially, Debtor demonstrated ownership and control over the property by transferring her interest to the Cinderella Living Trust pre-bankruptcy. And before October 2003, the Debtor and Kyle filed numerous papers with the bankruptcy court asserting her ownership of the property. In particular, the Debt- or sought a $125,000 homestead exemption, which was amended and subsequently approved, and then moved to compel Dye to abandon the property. When it became apparent that Dye could sell the property for a surplus, however, the Debtor and Kyle suddenly reversed course and began asserting the contrary position that her deceased aunt’s estate was the true owner. Indeed, Kyle pursued this course despite the fact that no heirs had ever questioned Debtor’s legal *610 and equitable title to the property in the twelve years since the quitclaim conveyance.[2] In addition, Kyle failed to obtain leave of the court before amending his complaint, and included Dye’s law firm and the court-approved real estate broker as defendants even though Irving lacked standing as to them. That is more than enough to uphold an award of sanctions.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We note that Irving did not bother to file an opposition or appear at the hearing concerning Dye’s motion to approve the settlement that she had reached with Ernest Miles, trustee of the Cinderella Living Trust.

. Kyle alleges that Dye did not comply with Rule 9011(c), which provides that a party cannot file a motion for sanctions until twenty-one days after giving notice to the other party by proper service. Fed. R. Bankr. 9011(c)(1)(A). Assuming Kyle did not waive this argument by failing to present it to the bankruptcy court, we see no reason to disturb the BAP’s finding that Kyle was provided the requisite notice when he was served on November 24, 2003, before the sanctions motion was filed on December 18, 2003.